UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Debra Krezmien and Paul Krezmien,

                      Plaintiffs,

     v.

Lowe's Companies, Inc. *d/b/a* Lowe's and
Lowe's Home Centers, LLC,

                      Defendants.

**Decision and Order**

19-CV-117W

---

## I.   INTRODUCTION AND DISCUSSION

On October 23, 2016, plaintiff Debra Krezmien allegedly sustained injuries when she tried to move a General Electric refrigerator purchased earlier that day from a Lowe's Home Improvement store. Debra and co-plaintiff Paul Krezmien sued Lowe's Companies, Inc. and Lowe's Home Centers, LLC ("Lowe's" collectively) in New York State Supreme Court, Erie County. Lowe's removed the case to this Court. (Dkt. No. 5.) District Judge Elizabeth Wolford has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 7.)

On June 17, 2019, Lowe's filed a motion[1] for leave to file a third-party complaint, under Rule 14(a)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 12.) The Court set a schedule for responding papers from plaintiffs and for reply papers from Lowe's. (Dkt. No. 13.) Plaintiffs did not file a response, but the Court nonetheless has conducted its own full review of the motion papers.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

---

[1] "A motion under Fed. R. Civ. P. 14 is nondispositive and thus amenable to a ruling by a magistrate judge." *Moraine Properties, LLC v. Ethyl Corp.*, No. 3:07-CV-229, 2009 WL 10679455, at *1 (S.D. Ohio June 23, 2009); *see also Rubin v. Valicenti Advisory Servs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007) (motions to amend pleadings generally are non-dispositive).

"To sustain an impleader action, the third-party defendant . . . must be liable secondarily to the original defendant, or that the third party . . . must necessarily be liable over to the defendant . . . for all or part of the plaintiff's . . . recovery, or that the defendant . . . must attempt to pass on to the third party . . . all or part of the liability asserted against the defendant." *Bank Of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000) (internal quotations marks and citations omitted). When reviewing Rule 14 motions, courts assess only the procedural propriety of impleading a third-party; any substantive issues concerning the third-party are addressed separately. *See id.* ("However, whether a court has subject matter jurisdiction over a third-party or in this case, a fourth-party cause of action, is distinct from an assessment of the propriety and merits of an impleader action.") (citations omitted); *Telecom Int'l Am., Ltd. v. AT&T Corp.*, No. 96 CIV. 1366 (AKH), 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999) ("Rule 14(a), however, provides only the procedural mechanism for impleader; the substantive merit of the action depends on the federal or state theory of contribution, indemnity or subrogation, or any other theory asserted in the third-party complaint.") (citations omitted). Impleader under Rule 14 simultaneously promotes efficiency—all parties potentially responsible for making a plaintiff whole are brought into the same case—while respecting "the general consensus in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996) (internal quotation marks and citations omitted). "The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion . . . ." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (citation omitted).

Here, the Court agrees with Lowe's that impleader would be appropriate. Although the discovery deadline of November 29, 2019 is slowly approaching, the case remains fairly new, and

Lowe's filed the pending motion within the time to file motions to join parties or to amend pleadings. *See Hicks v. Long Island R.R.*, 165 F.R.D. 377, 380 (E.D.N.Y. 1996) (impleader motion denied where discovery was substantially complete and defendant waited nearly two years to try to add third parties). Subject to future discovery and proceedings, there appears to be a contract that potentially makes the proposed third-party defendants responsible for some or all of any award that plaintiffs ultimately receive. (Dkt. No. 12-5.) The connection to the proposed third-party defendants thus is closer than the one that was rejected in *Leventhal*. For the sake of brevity, the remaining analysis in Lowe's memorandum of law (Dkt. No. 12-7) is incorporated by reference.

## II. CONCLUSION

For the above reasons and the reasons stated in Lowe's memorandum of law, the Court grants Lowe's motion for impleader (Dkt. No. 12).

Lowe's will file the third-party complaint on or before October 4, 2019 and will file confirmation of service on or before October 31, 2019. The current scheduling order (Dkt. No. 10) will remain in place for now, but the Court acknowledges that an amendment might be necessary.

SO ORDERED.

                          __/s Hugh B. Scott_____
                          Hon. Hugh B. Scott
                          United States Magistrate Judge

DATED: September 19, 2019